LYLE WILCOX AND JEAN WILCOX, APPELLANTS, V.
CITY OF MCCOOK, NEBRASKA, A MUNICIPAL CORPORATION,
AND SOUTHWEST NEBRASKA YOUTH SERVICES, INC.,
A NEBRASKA NONPROFIT CORPORATION, APPELLEES.
634 N.W.2d 486

Filed October 19, 2001.   No. S-00-481.

J. Bryant Brooks, of Brooks Law Offices, P.C., for appellants.

G. Peter Burger, of Burger & Bennett, P.C., for appellee City of McCook.

John A. Gale, of McCarthy, Gale, Moore, Bacon & Hall, for appellee Southwest Nebraska Youth Services, Inc.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Lyle Wilcox and Jean Wilcox appeal from the district court's decision dismissing their petition in error. In their petition, the Wilcoxes requested that the district court reverse the McCook

City Council's decision of May 17, 1999, approving a special exception application.

## FACTUAL BACKGROUND

In 1999, Southwest Nebraska Youth Services, Inc. (Southwest), submitted an application for a special use exception. This application concerned a building located in McCook, Nebraska, within an area zoned residential medium density. Southwest intended to use the building as a multiple-family dwelling, medical-health facility, and school for state wards and other youths. The McCook zoning ordinances list multiple-family dwellings, medical-health facilities, and schools as special exceptions in residential medium density zones.

Previously, in 1998, the McCook City Council denied a separate special use exception application by Southwest concerning the same building. The 1998 application proposed to use the building as an "intermediate school . . . multiple family dwelling" and provide "governmental services" for state wards and other youths, including services for domestic and sexual abuse victims. The city council denied the 1998 application by a vote of two in favor, two against, and one abstaining.

Southwest's second application was submitted to the city council in 1999. The city sent out notices to all adjoining landowners concerning Southwest's 1999 special exception application. Some of the landowners initiated a petition drive against Southwest's application. The record indicates they collected approximately 108 signatures against Southwest's proposal. On May 17, 1999, after public notice and public hearings, the city council met and considered Southwest's second application. The council voted three in favor, one against, and one abstaining. Immediately after the vote, a question was raised as to whether a simple majority was sufficient to pass the application pursuant to Neb. Rev. Stat. § 19-905 (Reissue 1997). Notwithstanding this concern, the mayor announced the application had passed.

On June 3, 1999, the city council published notice in the McCook Daily Gazette newspaper that the next council meeting would be held on June 7, 1999. Listed on the agenda for the meeting was a motion by a council member to reconsider "the special

exception request for Southwest Nebraska Youth Services, Inc." This council member had voted "no" on Southwest's application at the May 17 meeting. Also included on the agenda for the June 7 meeting was a proposal that the city council consider "additional restrictions" on Southwest's use of the property.

At the June 7, 1999, meeting, the city council reconsidered Southwest's application. After including some additional restrictions concerning hours of operation and other related matters, the city council approved the application with four votes in favor of the proposal and one against.

On June 10, 1999, 3 days after the special exception request had been reconsidered and approved, the Wilcoxes filed a petition in error under Neb. Rev. Stat. § 25-1901 (Cum. Supp. 2000). The Wilcoxes are adjoining landowners to the proposed youth center.

In their petition, the Wilcoxes asked the district court to reverse the city council's May 17, 1999, decision. The petition alleged four grounds in support of the requested relief. First, the Wilcoxes asserted that the 1999 application was barred by the previous 1998 application under a theory of res judicata. Second, they contended that Southwest's proposed use did not comply with the permitted special exception uses listed in the McCook zoning ordinances. Third, they argued that the application failed to receive a three-fourths majority vote at the May 17 meeting as required by § 19-905. Finally, the Wilcoxes argued that they were not provided due process by the city council. The petition did not ask for any relief from the city council's decision of June 7.

The appellees, Southwest and the City of McCook, filed answers in which the city asserted the issues raised by the Wilcoxes were "rendered moot by the vote in favor of the application by three-fourths (3/4ths) of the City Council on June 7, 1999." No amendments to the Wilcoxes' petition were requested or made.

The court rendered its decision on the Wilcoxes' petition in error on April 3, 2000. The court made various findings of fact, determined the matter in the appellees' favor, and dismissed the petition.

The Wilcoxes appealed. We moved the case to our docket pursuant to our authority to regulate the caseloads of this court

and the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

The Wilcoxes assert the district court erred in (1) failing to find that Southwest's 1999 application for a special exception was barred by res judicata, (2) failing to find that the Wilcoxes' right to due process was violated, and (3) failing to address whether the intended use of the property by Southwest was a permitted special exception.

## STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Prucha v. Kahlandt*, 260 Neb. 366, 618 N.W.2d 399 (2000).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Nebraska Dept. of Health & Human Servs. v. Struss*, 261 Neb. 435, 623 N.W.2d 308 (2001). While it is not a constitutional prerequisite for jurisdiction, the existence of an actual case or controversy is necessary for the exercise of judicial power. *Hron v. Donlan*, 259 Neb. 259, 609 N.W.2d 379 (2000).

■ The appellees argue that the Wilcoxes' appeal from the city council's decision on May 17, 1999, is moot. "A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive." *Hron*, 259 Neb. at 263, 609 N.W.2d at 383. See, also, *Eastroads v. Omaha Zoning Bd. of Appeals*, 261 Neb. 969, 628 N.W.2d 677 (2001).

■ The appellees contend that because of the subsequent actions taken by the city council on June 7, 1999, the issues presented by the May 17 decision are no longer alive. See *Hron, supra*. The record shows that the Wilcoxes' petition in error only challenges the May 17 decision by the city council. "[T]he

issues in a given case will be limited to those which are pled." *Alegent Health Bergan Mercy Med. Ctr. v. Haworth*, 260 Neb. 63, 73, 615 N.W.2d 460, 468 (2000). Accord *Sherrets, Smith v. MJ Optical, Inc.*, 259 Neb. 424, 610 N.W.2d 413 (2000). The record further shows that on June 7, the May 17 decision by the city council was reconsidered and the city council approved Southwest's application, with some additional restrictions.

■ Accordingly, any determination regarding the May 17, 1999, decision would be purely advisory. "In the absence of an actual case or controversy requiring judicial resolution, it is not the function of the courts to render a judgment that is merely advisory." *US Ecology v. State*, 258 Neb. 10, 18, 601 N.W.2d 775, 780 (1999) (citing *Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999)). We therefore determine that the Wilcoxes' appeal is moot.

■ We recognize that the court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination. *Hron v. Donlan, supra.* This exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem. *State ex rel. Lamm v. Nebraska Bd. of Pardons*, 260 Neb. 1000, 620 N.W.2d 763 (2001); *Hauser v. Hauser*, 259 Neb. 653, 611 N.W.2d 840 (2000).

While the questions presented in this case are of a public nature, we find that application of the public interest exception would not be appropriate. The issues presented in this appeal do not inherently evade appellate review. See *Putnam*, 256 Neb. at 274, 589 N.W.2d at 844 ("[i]t is generally inappropriate for an appellate court to review a moot case that does not evade review as a result of a transitory setting"). Thus, we decline to apply the public interest exception to reach the merits of this case.

## CONCLUSION

The Wilcoxes' petition in error did not raise any issue involving an actual case or controversy necessary for the district court

to exercise judicial power. Accordingly, the decision of the district court is vacated, and the appeal is dismissed as moot.

ORDER VACATED, AND APPEAL DISMISSED.