LEONARD GREEN ET AL., APPELLANTS, V. MARILYN LORE,
BOX BUTTE COUNTY ASSESSOR, APPELLEE.
640 N.W.2d 673

Filed March 22, 2002. No. S-01-156.

Laurice M. Margheim, of Curtiss, Moravek, Curtiss & Margheim, for appellants.

Dennis D. King, of Smith, King & Freudenberg, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellants, Leonard Green, Kent Green, and Edna Fisher, sought a writ of mandamus. The writ sought to compel Marilyn Lore, the Box Butte County assessor, to implement a resolution passed by the Box Butte County Board of County Commissioners, acting as the Box Butte County Board of Equalization (Board). Under the resolution, assessed values for

all subclassifications of agricultural land in the county would be equalized using the lowest value of any subclass of agricultural land for each market area. Lore refused to implement the resolution because she did not believe the Board had the authority to adjust a class or subclass of property and appealed the resolution to the Tax Equalization and Review Commission (TERC). While Lore's appeal was pending, the appellants filed a petition for mandamus, which the district court denied. We dismiss because the issue is moot.

## BACKGROUND

For the 2000 tax year, real property in Box Butte County was assessed by using a sales comparison approach and the establishment of market areas. The use of market areas is an appraisal technique in which the appraising officer determines market value based on the location of real property within the county. Lore testified that she began using market areas in her assessments after receiving a directive from TERC and input from the state Property Tax Administrator regarding the quality of assessment of agricultural land in the county.

On July 17, 2000, the Board passed resolution No. 2000-19, finding that the market areas used for assessing property for subclasses of agricultural land involved the drawing of arbitrary lines. The Board also found that market areas are not a proper class or subclass of land for purposes of assessment. The resolution stated that the market areas resulted in assessments for agricultural land that were not uniformly and proportionately valued in conformance with Neb. Const. art. VIII, § 1, and Neb. Rev. Stat. § 77-1501 (Cum. Supp. 2000). As a result, the Board ordered that assessed values for all subclassifications of agricultural land in the county be equalized using the lowest value of any subclass of agricultural land for each market area.

After the resolution was passed, the Board filed a petition with TERC requesting a change to the valuation of subclasses of agricultural land in the county. At the hearing before TERC, the Box Butte County Attorney stated that the Board requested that the values be adjusted by a percentage for each subclass of land to put those values at approximately what they had been the previous year. At an August 3, 2000, hearing on the issue, the Board

moved to withdraw the petition. TERC allowed the petition to be withdrawn, and because the deadline for filing petitions to adjust values by class or subclass for tax year 2000 had passed on July 26, the action was dismissed with prejudice.

Lore refused to implement the Board's resolution and on August 3, 2000, filed an appeal of the resolution to TERC. While Lore's appeal was pending, on August 25, the appellants filed a petition seeking mandamus to compel Lore to implement the resolution. The record shows that Leonard Green also filed a protest with the Board concerning the valuation of a portion, but not all, of his property and that he was granted relief. The record shows that the other appellants did not file protests. The district court concluded that Lore did not have a clear duty to implement the Board's resolution and denied mandamus.

## ASSIGNMENT OF ERROR
The appellants assign that the district court erred in failing to grant a peremptory writ of mandamus.

## STANDARD OF REVIEW
■ When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower courts. *Ruzicka v. Ruzicka*, 262 Neb. 824, 635 N.W.2d 528 (2001); *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001).

## ANALYSIS
Because the tax year at issue has already passed, we first address whether the appeal is moot. At oral argument, the appellants conceded that the case is moot but argued that this court should hear the appeal under the "public interest exception."

■ A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999). As a general rule, a moot case is subject to summary dismissal. *Id.*

■ But, under the public interest exception, we may choose to review an otherwise moot case if it involves a matter affecting the public interest or when other rights or liabilities may be

affected by its determination. *Wilcox v. City of McCook*, 262 Neb. 696, 634 N.W.2d 486 (2001). This exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem. *Id.* We have held that an application of the public interest exception is inappropriate when the issue presented on appeal does not inherently evade appellate review. *Id.*, citing *Putnam v. Fortenberry, supra.*

Whether Lore was required to implement the resolution of the county board does not inherently evade appellate review. Lore filed an appeal of the Board's resolution to TERC, and that appeal is still pending. Furthermore, a taxpayer concerned about an overvaluation of his or her property may file a protest with the Board. See, Neb. Rev. Stat. § 77-1502 (Cum. Supp. 2000); *Olson v. County of Dakota*, 224 Neb. 516, 398 N.W.2d 727 (1987). The action of the Board upon the protest may be appealed to TERC, which in turn may be appealed to the Nebraska Court of Appeals. See Neb. Rev. Stat. §§ 77-1504 and 77-5019 (Cum. Supp. 2000). As discussed, Leonard Green did indeed file a protest and was granted relief. Because the issue presented on appeal does not inherently evade appellate review, we do not apply the public interest exception to this case. We do not reach the merits of the appeal and dismiss.

APPEAL DISMISSED.