GUY DAVIS, APPELLANT, V. DEAN SETTLE, EXECUTIVE DIRECTOR, LANCASTER COUNTY COMMUNITY MENTAL HEALTH CENTER, AND KIM ETHERTON, PROGRAM SUPERVISOR, CRISIS CENTER, APPELLEES.

665 N.W.2d 6

Filed July 3, 2003.  No. S-01-1214.

Dennis R. Keefe, Lancaster County Public Defender, Dorothy A. Walker, and John C. Jorgensen, Senior Certified Law Student, for appellant.

Gary E. Lacey, Lancaster County Attorney, and Michael E. Thew for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

This appeal arises from an order of the district court for Lancaster County interpreting the Nebraska Mental Health Commitment Act, Neb. Rev. Stat. §§ 83-312, 83-318, 83-337, 83-351, and 83-1001 to 83-1080 (Reissue 1999 & Cum. Supp. 2000). Appellant, Guy Davis, filed a petition for a writ of habeas corpus alleging that he was unlawfully detained by appellees, Dean Settle, executive director of the Lancaster County Community Mental Health Center, and Kim Etherton, program supervisor of the Crisis Center. Appellees filed a motion to quash, and the district court sustained their motion.

## ASSIGNMENTS OF ERROR

Davis assigns, rephrased, that the district court erred in (1) determining that § 83-1027, which requires that a civil commitment hearing be fixed within 7 days "after the subject has been taken into protective custody," was inapplicable in this case and in determining that § 83-1028 was controlling; (2) denying habeas corpus relief to Davis; and (3) upholding the grant of continuance to the state by the Lancaster County Mental Health Board.

## STANDARD OF REVIEW

■ When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts. *In re Interest of Clifford M. et al.*, 258 Neb. 800, 606 N.W.2d 743 (2000); *In re Interest of Sarah K.*, 258 Neb. 52, 601 N.W.2d 780 (1999).

## BACKGROUND

In 1991, Davis was convicted of sexually assaulting his two stepsons and sentenced to 10 to 20 years' imprisonment. He was scheduled to be released from the Omaha Correctional Center on September 19, 2001. On August 14, Mark E. Weilage, Ph.D., a clinical psychologist at the Omaha Correctional Center, acting pursuant to § 83-1024, sent a letter to the Douglas County Attorney's office recommending that Davis be referred to the Douglas County Mental Health Board for possible postincarceration commitment.

On September 13, 2001, the Douglas County Attorney's office acted upon that notification by filing a petition. The petition claimed that Davis was mentally ill and that "mental-health-board-ordered treatment" was the least restrictive means for addressing the issue. The petition also alleged that immediate custody of Davis was required to prevent the occurrence of the harm described in § 83-1009.

On September 13, 2001, the Douglas County Mental Health Board issued a custodial order. The order placed Davis in the custody of Dr. Weilage at the Omaha Correctional Center for "up to a period of 7 days from the date of this order unless you receive further instructions from this Board." On the same day, the case was transferred to the district court for Lancaster County and the Lancaster County Mental Health Board. Sometime between September 13 and 24, Davis was transported to Lancaster County and placed at the Crisis Center operated by the Lancaster County Community Mental Health Center under the direction of appellees. On September 21, which would be the eighth day after the September 13 order, the Lancaster County Attorney's office issued to Davis a summons for a hearing to be held on September 25, before the Lancaster County Mental

Health Board (Lancaster Board) to determine whether Davis was mentally ill. The return on the summons indicated that service was made on September 24.

On September 25, 2001, Davis, represented by counsel, appeared before the Lancaster Board and moved to dismiss the petition on the grounds that he was denied a hearing within 7 days as required by statute and that the petition failed to state a cause of action. The county attorney moved to continue the hearing based upon an earlier communication between representatives of the county attorney's office and the public defender's office that "the case . . . would not be tried today." The Lancaster Board overruled Davis' motion to dismiss and granted the county attorney a 7-day continuance, rescheduling the final hearing for October 2.

On September 27, 2001, Davis filed a writ of habeas corpus. He alleged that his continued detention at the Crisis Center was illegal because he had not received a hearing within 7 days after being taken into custody as required by § 83-1027. He further alleged that the Lancaster Board lacked the authority to grant a continuance to the county attorney. In response, appellees filed a motion to quash. After a hearing on October 1, the district court entered an order sustaining appellees' motion to quash and vacating Davis' writ of habeas corpus. From that order, Davis has perfected this appeal.

## ANALYSIS

Section 83-1027 provides:

> Upon the filing of the petition provided by sections 83-1025 and 83-1026 stating the county attorney's belief that the immediate custody of the subject is not required for the reasons provided by sections 83-1025 and 83-1026, the clerk of the district court shall cause a summons fixing the time and place for a hearing to be prepared and issued to the sheriff for service. . . . The summons shall fix a time for the hearing within seven days after the subject has been taken into protective custody.

In his first assignment of error, Davis argues that § 83-1027 requires that a hearing be held within 7 days of the time that the subject is taken into protective custody. He claims that his hearing was held more than 7 days after he was taken into protective

custody and that thus, the Lancaster Board should have dismissed his petition. However, we decline to address the merits of this assignment of error because the record presented shows, as Davis argued at the writ of habeas hearing, that after September 20, 2001, the Lancaster Board had no authority to keep Davis in protective custody.

The September 13, 2001, custodial order giving the Douglas County Mental Health Board custody of Davis provided that the "patient is to be held in [Dr. Weilage's] custody in [the] Omaha Correctional Center for care and treatment up to a period of 7 days from the date of this order unless you receive further instructions from this Board." Nothing in the record shows further instructions from the Douglas County Mental Health Board for any other action that would extend the time period beyond 7 days. Because Davis' prison sentence ended on September 19 and the custodial order expired on September 20, all legal custody expired by September 21. The Lancaster Board did not have authority to retain custody of Davis after September 20.

In spite of the above, there is no relief to be granted to Davis because he is no longer in appellees' custody. We, therefore, conclude that this case is moot. A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Stoetzel & Sons v. City of Hastings*, 265 Neb. 637, 658 N.W.2d 636 (2003). As a general rule, a moot case is subject to summary dismissal. *Id.* An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination. This exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem. *Chambers v. Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002); *Wilcox v. City of McCook*, 262 Neb. 696, 634 N.W.2d 486 (2001). Because we find the expiration of the custodial order unique to Davis' case and unlikely to be repeated, we refuse to apply the public interest exception.

## CONCLUSION

For the above-stated reasons, we conclude that this appeal is moot.

APPEAL DISMISSED.

CONNOLLY, J., dissenting.

I respectfully dissent. On the record presented to us, I am unsure if this case is moot. Therefore, I would remand the cause for further factual findings.

A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Green v. Lore*, 263 Neb. 496, 640 N.W.2d 673 (2002). The majority opinion, as I understand it, holds that this case is moot because the respondents named in Davis' petition no longer have Davis in their custody, making it impossible for the court to grant any meaningful relief.

At the time that Davis filed his petition, appellees were holding him. The parties now tell us that appellees have released Davis from custody, and they agree that this fact renders the case moot, although Davis argues that the public interest exception to the mootness doctrine should apply. The record is unclear, and the parties do not tell us, however, if appellees released Davis back into the community or transferred him into the custody of another state official or agency.

I agree that the case would be moot if Davis has been released back into the community. But the implication of the majority's opinion is that the case would be moot even if appellees only transferred Davis into the custody of another state official or agency. I do not agree. The state should not be able to avoid appellate review of habeas proceedings by shifting the custody of the petitioner from the named respondent to another state official or agency. See *McGee v. Johnson*, 161 Or. App. 384, 984 P.2d 341 (1999).

Because it is unclear if this case is moot, I would remand the cause to the district court with directions to determine whether Davis has been released or has only been transferred to the custody of another state official or agency. See 13A Charles Alan Wright et al., Federal Practice and Procedure § 3533.10 at 440 (1984) ("[i]f the appellate court is unsure of the facts, it

is common to remand for consideration of mootness by the lower courts").

GERRARD, J., joins in this dissent.