270 Neb. 987
SEAN JOHNSTON, APPELLANT,
v.
NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, APPELLEE.
No. S-04-1404.
Supreme Court of Nebraska.
Filed January 27, 2006.
Sue Ellen Wall, of Wall Law Office, for appellant.
Jon Bruning, Attorney General, Kimberly Taylor Riley, and Eileen L. McBride for appellee.
HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
The issue presented by this appeal is whether a decision by the Nebraska Department of Correctional Services (DCS) to place a prisoner on administrative confinement status after dismissal of a misconduct report is reviewable under the Administrative Procedure Act pursuant to Neb. Rev. Stat. § 84-917(1) (Reissue 1999). We conclude that the issue has become moot because the prisoner is no longer in administrative confinement and has been returned to the general prison population of another institution. We decline to hear the appeal under the public interest exception to the mootness doctrine.

BACKGROUND
Sean Johnston, a prisoner in the custody of DCS at the Nebraska State Penitentiary, initiated this proceeding pursuant to § 84-917(1) in order to obtain judicial review of a final decision by the DCS director. The decision to be reviewed affirmed Johnston's placement on administrative confinement status for a period of no less than 90 days after a misconduct report against Johnston had been dismissed for lack of evidence. In his petition filed in the district court for Lancaster County, Johnston prayed for reversal of the decision and an order that he be removed from administrative confinement. He alleged, inter alia, that the decision violated the Due Process Clauses of the federal and state Constitutions. He did not allege a loss of good time. DCS filed a motion to dismiss pursuant to Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003), asserting that the petition failed to state a claim upon which relief can be granted. Johnston filed a written objection to the motion. Following a telephonic hearing at which Johnston appeared pro se, the court took the matter under advisement. The court subsequently entered an order granting the motion on the ground that "[a] classification decision is not subject to review under the Administrative Procedures [sic] Act." Johnston perfected a timely appeal to the Nebraska Court of Appeals, and this court granted his petition to bypass.

ASSIGNMENTS OF ERROR
Johnston assigns, restated, that the district court erred (1) in holding that a DCS classification action cannot be appealed through the Administrative Procedure Act; (2) in refusing to allow him to amend his petition to allow review of the DCS decision for a due process violation; and (3) in allowing Johnston to continue to be confined, in violation of his rights under the 1st, 5th, 8th, and 14th Amendments to the U.S. Constitution, under the Nebraska Constitution, and pursuant Neb. Rev. Stat. § 83-4,122 (Reissue 1999).

STANDARD OF REVIEW
[1-3] An appellate court reviews de novo a lower court's dismissal of a complaint for failure to state a claim. Pogge v. American Fam. Mut. Ins. Co., 13 Neb. App. 63, 688 N.W.2d 634 (2004). When analyzing a lower court's dismissal of a complaint for failure to state a claim, an appellate court accepts the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff. Id. A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would demonstrate an entitlement to relief. Id.

ANALYSIS
After briefing was completed but prior to oral argument, DCS filed a motion to dismiss for mootness, supported by affidavits stating that Johnston was no longer on administrative confinement status because, as of September 14, 2005, he was transferred to the Tecumseh State Correctional Institution, where he was placed in the general prison population. Johnston, who is now represented by counsel, filed an objection acknowledging that he had been released from administrative confinement, but asserting that the case presents "novel questions of law of constitutional magnitude" which "will inevitably arise again." We denied the motion to dismiss without prejudice and ordered the parties to file supplemental briefs on the issue of mootness prior to oral argument.
[4-6] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. Hron v. Donlan, 259 Neb. 259, 609 N.W.2d 379 (2000). While it is not a constitutional prerequisite for jurisdiction, the existence of an actual case or controversy is necessary for the exercise of judicial power. Id. Thus, we must first determine whether Johnston's transfer to the general population at the correctional facility has rendered this appeal moot. A case becomes moot when the issues initially presented in the litigation cease to exist, when the litigants lack a legally cognizable interest in the outcome of litigation, or when the litigants seek to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. Swoboda v. Volkman Plumbing, 269 Neb. 20, 690 N.W.2d 166 (2004); In re Application No. C-1889, 264 Neb. 167, 647 N.W.2d 45 (2002).
Johnston's claim rested upon his allegation that he was improperly placed on administrative confinement status and was therefore entitled to judicial relief in the form of an order requiring his release from that status. He asserted no claim for damages. Because Johnston is no longer on administrative confinement status, his claim does not rest upon existing facts. Thus, as to him, it is no longer necessary to consider the issue of whether a court can review and countermand the placement of a prisoner in administrative confinement. Johnston has not identified any collateral consequence of the challenged classification decision which would preserve his personal stake in the outcome of this appeal. See, Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998); State v. Patterson, 237 Neb. 198, 465 N.W.2d 743 (1991). Accordingly, we conclude that the case is moot.
[7-9] As a general rule, a moot case is subject to summary dismissal. Smith v. Colorado Organ Recovery Sys., 269 Neb. 578, 694 N.W.2d 610 (2005); Krajicek v. Gale, 267 Neb. 623, 677 N.W.2d 488 (2004). However, an appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination. Green v. Lore, 263 Neb. 496, 640 N.W.2d 673 (2002); Wilcox v. City of McCook, 262 Neb. 696, 634 N.W.2d 486 (2001). This exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem. Id. An application of the public interest exception to the mootness doctrine is inappropriate when the issue presented on appeal does not inherently evade appellate review. Id.
We decline to apply the public interest exception in this case. Johnston has not demonstrated a reasonable likelihood of future recurrence of administrative confinement while in the custody of DCS, or that the period of any such confinement will necessarily be so short as to evade review. See Spencer v. Kemna, supra. Also, to the extent that Johnston seeks a determination that the conditions of his administrative confinement violated his constitutional rights, he has other judicial remedies in which such issues can be reached without regard to whether he remains on administrative confinement status. See, e.g., Freeman v. Clarke, No. 4:04CV3266, 2005 WL 1875482 (D. Neb. Aug. 8, 2005).

CONCLUSION
For the reasons discussed, we conclude that this appeal is moot, and we decline to review the judgment of the district court under any exception to the mootness doctrine. The appeal is therefore dismissed.
APPEAL DISMISSED.
Wright, J., participating on briefs.