Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/10/2018 09:10 AM CDT

THOMAS NESBITT, ON BEHALF OF HIMSELF AND ALL OTHER
SIMILARLY SITUATED NEBRASKA STATE PENITENTIARY
SEGREGATED PRISONERS, APPELLANT, V.
SCOTT FRAKES ET AL., APPELLEES.
___ N.W.2d ___

Filed May 18, 2018.   No. S-16-931.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's
   grant of a motion to dismiss on the pleadings is reviewed de novo,
   accepting the allegations in the complaint as true and drawing all rea-
   sonable inferences in favor of the nonmoving party.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues
   presented for review, an appellate court must determine whether it
   has jurisdiction.
3. **Courts: Jurisdiction.** While it is not a constitutional prerequisite for
   jurisdiction, the existence of an actual case or controversy is necessary
   for the exercise of judicial power.
4. **Actions: Moot Question.** An action becomes moot when the issues
   initially presented in the proceedings no longer exist or the parties lack
   a legally cognizable interest in the outcome of the action.
5. **Moot Question: Words and Phrases.** A moot case is one which seeks
   to determine a question that no longer rests upon existing facts or
   rights—i.e., a case in which the issues presented are no longer alive.
6. **Moot Question.** Mootness refers to events occurring after the filing of
   a suit which eradicate the requisite personal interest in the resolution of
   the dispute that existed at the beginning of the litigation.
7. **Moot Question: Jurisdiction: Appeal and Error.** Although mootness
   does not prevent appellate jurisdiction, it is a justiciability doctrine that
   can prevent courts from exercising jurisdiction.
8. **Moot Question.** As a general rule, a moot case is subject to sum-
   mary dismissal.
9. **Injunction: Intent.** The purpose of an injunction is to restrain actions
   that have not yet been taken.

10. **Injunction.** Injunctive relief is preventive, prohibitory, or protective, and equity usually will not issue an injunction when the act complained of has been committed and the injury has been done.

11. **Declaratory Judgments: Moot Question.** A declaratory judgment action becomes moot when the issues initially presented in the proceedings no longer exist or the parties lack a legally cognizable interest in the outcome of the action.

12. **Declaratory Judgments: Justiciable Issues.** At the time that the declaration is sought, there must be an actual justiciable issue from which the court can declare law as it applies to a given set of facts.

13. **Justiciable Issues.** A justiciable issue requires a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement.

14. **Moot Question: Appeal and Error.** An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination.

15. **Moot Question: Words and Phrases.** The public interest exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem.

16. **Moot Question: Appeal and Error.** An application of the public interest exception to the mootness doctrine is inappropriate when the issues presented on appeal do not inherently evade appellate review.

17. **Class Actions.** In order to justify class action treatment, there must exist both a question of common or general interest *and* numerous parties so as to make it impracticable to bring all the parties before the court.

18. ____. In determining whether a class action is properly brought, considerable discretion is vested in the trial court.

19. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Lancaster County: Jodi L. Nelson, Judge. Appeal dismissed.

Thomas Nesbitt, pro se.

Douglas J. Peterson, Attorney General, and Timothy R. Ertz for appellee.

Heavican, C.J., Miller-Lerman, and Cassel, JJ., and Luther and O'Gorman, District Judges.

Per Curiam.

Thomas Nesbitt brought suit against the Nebraska Department of Correctional Services (DCS), its director, and various other officials and employees of the DCS, alleging that the conditions at the Nebraska State Penitentiary (NSP) violate his rights under Nebraska law and that his claims are representative of all inmates housed in the segregation units at the NSP.

This is an appeal from an order dismissing Nesbitt's amended complaint for failing to state a cause of action. Because Nesbitt no longer resides at the NSP, this matter is moot and the appeal is dismissed.

## BACKGROUND

Nesbitt is an inmate with the DCS. At the time he filed his pro se complaint "for class action, declaratory, and injunctive relief," he resided in a segregated unit at the NSP, located in Lincoln, Nebraska. Nesbitt's complaint asserted state law claims based on a range of matters within the correctional facility's setting, including overcrowding, cell assignments, flooding, and inadequate showering conditions.

Nesbitt, age 71, claims he suffers from a debilitating spinal condition which causes him sciatic nerve pain and restless leg syndrome. He claims, according to his medical diagnosis, he is required to sleep from 2 a.m. to 10 a.m. every day in order to prevent paralysis. He asserts prison officials violate his rights when they allow the prison to become overpopulated and, as a result, place another prisoner in his "medically designed one-man segregation single-cell," which disturbs his circadian rhythm.

Nesbitt's complaint named as defendants the appellees, eight officials and employees with the DCS, in both their official and individual capacities, but he served the appellees in their individual capacities only. Nesbitt's praecipe for issuance and

service of summons requested service at the DCS and NSP, and not at the Attorney General's office.

The district court dismissed Nesbitt's original complaint under Neb. Ct. R. Pldg. § 6-1112(b)(6), finding that the appellees had been served in only their individual capacities and that the complaint failed to state a claim for relief against any of the appellees personally. The court denied Nesbitt's request for class action status and motion for restraining order. Nesbitt filed an amended verified complaint, in which he included additional claims related to prison conditions. He sought temporary and permanent injunctive relief and declaratory judgment—the same relief requested in his initial complaint. The appellees filed another motion to dismiss, and the court again dismissed the complaint under § 6-1112(b)(6), noting that the new pleading had the same defects as the original and that no further opportunity to amend should be permitted.

Nesbitt filed a motion to alter or amend the court's judgment, in which he stated that he had been transferred to the Omaha Correctional Center located in Omaha, Nebraska. Nesbitt confirmed this fact at the hearing on his motion, which motion the court overruled. Nesbitt timely appealed.

## ASSIGNMENTS OF ERROR
Nesbitt assigns that the court erred in (1) denying his verified complaint; (2) failing to properly evaluate his claims under the notice pleading system; and (3) refusing to (a) certify class members, (b) appoint legal counsel, and (c) issue a restraining order and temporary injunction.

## STANDARD OF REVIEW
[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[1]

[1] *Salem Grain Co. v. Consolidated Grain & Barge Co.*, 297 Neb. 682, 900 N.W.2d 909 (2017).

## ANALYSIS

### Mootness

[2,3] Before reaching the legal issues presented for review, an appellate court must determine whether it has jurisdiction.[2] While it is not a constitutional prerequisite for jurisdiction, the existence of an actual case or controversy is necessary for the exercise of judicial power.[3]

The appellees assert that Nesbitt's claims seeking injunctive relief and declaratory judgment are moot, because he has been transferred to a different correctional facility. Thus, we must first determine whether Nesbitt's transfer to a different facility has rendered this appeal moot.

[4-8] An action becomes moot when the issues initially presented in the proceedings no longer exist or the parties lack a legally cognizable interest in the outcome of the action.[4] A moot case is one which seeks to determine a question that no longer rests upon existing facts or rights—i.e., a case in which the issues presented are no longer alive.[5] Mootness refers to events occurring after the filing of a suit which eradicate the requisite personal interest in the resolution of the dispute that existed at the beginning of the litigation.[6] Although mootness does not prevent appellate jurisdiction, it is a justiciability doctrine that can prevent courts from exercising jurisdiction.[7] As a general rule, a moot case is subject to summary dismissal.[8]

---

[2] See *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018).

[3] *Johnston v. Nebraska Dept. of Corr. Servs.*, 270 Neb. 987, 709 N.W.2d 321 (2006).

[4] *Stewart v. Heineman*, 296 Neb. 262, 892 N.W.2d 542 (2017).

[5] *Applied Underwriters v. S.E.B. Servs. of New York*, 297 Neb. 246, 898 N.W.2d 366 (2017).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9,10] In considering Nesbitt's specific claims, we note that the purpose of an injunction is to restrain actions that have not yet been taken.[9] On several previous occasions, we have recognized that "'injunctive relief is preventive, prohibitory, or protective, and equity usually will not issue an injunction when the act complained of has been committed and the injury has been done.'"[10] We have also said:

> "'Since the purpose of an injunction is not to afford a remedy for what is past but to prevent future mischief, not being used for the purpose of punishment or to compel persons to do right but merely to prevent them from doing wrong, rights already lost and wrongs already perpetrated cannot be corrected by injunction.'"[11]

In *Putnam v. Fortenberry*,[12] the plaintiff sought to enjoin the city of Lincoln from selling a publicly owned hospital to a private company. A few days after the plaintiff had brought her action, the city council passed an ordinance approving the sale. Within 3 weeks, the city and the private company had entered into an affiliation agreement that set a closing date. Three weeks later, the court denied the plaintiff's request for temporary and permanent injunctive relief. Before the plaintiff appealed, the city and the private company had closed the sale and the title to the hospital was transferred. We said "[b]ecause the act which [the plaintiff] sought to enjoin is complete, our opinion on the trial court's denial of injunction would be nugatory. We, therefore, conclude that the issue of injunctive relief is moot."[13]

---

[9] *Stewart, supra* note 4.

[10] *Stoetzel & Sons v. City of Hastings*, 265 Neb. 637, 645, 658 N.W.2d 636, 643 (2003).

[11] *Putnam v. Fortenberry*, 256 Neb. 266, 271, 589 N.W.2d 838, 843 (1999) (quoting *Conrad v. Kaup*, 137 Neb. 900, 291 N.W. 687 (1940)).

[12] *Putnam, supra* note 11.

[13] *Id.* at 272, 589 N.W.2d at 843.

The same analysis applies in this case. If Nesbitt had a personal interest in seeking improved conditions at the NSP, his interest ceased upon his transfer to another facility. Nesbitt is no longer subject to the conditions at the NSP, and the injunctive relief he seeks has been rendered moot.

[11-13] In addition to seeking an injunction against his housing conditions, Nesbitt sought a declaratory judgment. Thus, we must next determine whether declaratory judgment is also moot. A declaratory judgment action becomes moot when the issues initially presented in the proceedings no longer exist or the parties lack a legally cognizable interest in the outcome of the action.[14] At the time that the declaration is sought, there must be an actual justiciable issue from which the court can declare law as it applies to a given set of facts.[15] A justiciable issue requires a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement.[16]

In *Rath v. City of Sutton*,[17] the plaintiff, Marlowe Rath, brought an action for declaratory relief seeking to enjoin the expenditure of public funds pursuant to a contract he claimed was illegal. Rath argued that notwithstanding completion of the project and payment of all funds, relief was still available, because a taxpayer had a right to recover the funds expended under an illegal contract. Rath rightfully contended that a "'suit that seeks damages for harm caused by past practices is not rendered moot by the cessation of the challenged conduct.'"[18] However, Rath did not seek to recover the funds

---

[14] *Myers v. Nebraska Invest. Council*, 272 Neb. 669, 724 N.W.2d 776 (2006).

[15] *Board of Trustees v. City of Omaha*, 289 Neb. 993, 858 N.W.2d 186 (2015).

[16] *Id.*

[17] *Rath v. City of Sutton*, 267 Neb. 265, 673 N.W.2d 869 (2004).

[18] *Id.* at 274, 673 N.W.2d at 880. See, also, *CMM Cable Rep. v. Ocean Coast Properties, Inc.*, 48 F.3d 618 (1st Cir. 1995); *Curtis Indus., Inc. v. Livingston*, 30 F.3d 96 (8th Cir. 1994).

that may have been illegally expended under the contract, but only sought injunctive and declaratory relief. We held that in order to be entitled to recoup illegally expended funds, Rath was required to specifically request such relief in his petition. We further held that a declaration by this court on the legality of the contract would be advisory, because it would have no effect on the parties *in this case*, and that therefore, Rath's request for declaratory relief was moot.

In the instant matter, Nesbitt did not seek monetary damages regarding conditions of confinement. As a result, his claim for declaratory judgment would suffer from the same infirmities as a claim for injunctive relief. In this case, a declaratory judgment would not undo what has already been completed, but would be nothing more than advisory, and "declaratory relief cannot be used to obtain a judgment which is merely advisory."[19] Nesbitt's request for declaratory judgment is also moot.

More directly upon the issue of prisoner litigation, in *Johnston v. Nebraska Dept. of Corr. Servs.*,[20] we considered an inmate's claim concerning placement within a prison facility. Sean Johnston, an inmate at the NSP, was placed on administrative confinement after a misconduct report was filed against him. The director of the DCS affirmed the placement decision, despite the misconduct report being dismissed for lack of evidence. Johnston then sought judicial review of the director's decision, alleging that the decision violated the Due Process Clauses of the federal and state Constitutions. The district court dismissed Johnston's action on the ground that a classification decision is not subject to review under the Administrative Procedure Act. On appeal from the district court's order, the State filed a motion to dismiss, alleging that Johnston had been removed from administrative confinement and transferred to another facility where he was placed into the general population. We granted the State's motion, holding that an inmate's

---

[19] *Galyen v. Balka*, 253 Neb. 270, 276, 570 N.W.2d 519, 524 (1997).

[20] *Johnston, supra* note 3.

transfer from administrative confinement status to the general population moots any argument related to the inmate's initial placement in administrative confinement.[21]

Nearly 20 years ago, in *Smith v. Hundley*,[22] the U.S. Eighth Circuit Court of Appeals considered an issue nearly identical to Nesbitt's. An inmate at the Iowa State Penitentiary, Duane Joseph Smith, filed suit against the state prison officials under 42 U.S.C. § 1983 (1994). Smith sought injunctive and declaratory relief, claiming his First Amendment rights were violated because he was precluded from purchasing items necessary to practice his "Seax-Wicca faith."[23] During the legal proceedings, Smith was transferred to another facility. The court held that an inmate's claims for declaratory and injunctive relief to improve prison conditions become moot when he or she is transferred to another facility and no longer subject to those conditions.[24]

Here, Nesbitt's claims for injunctive relief and declaratory judgment rest upon his allegation that overcrowding, cell assignments, flooding, and inadequate showering conditions negatively affect his unique physical ailments. Because Nesbitt has been transferred to another facility and is no longer subject to those conditions, his claims do not rest upon existing facts. Thus, as to him, it is no longer necessary to consider the issue of whether a court can review and countermand Nesbitt's housing conditions at the NSP.

[14-16] Though we conclude that Nesbitt's claims for declaratory judgment and injunctive relief are moot, an appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting

---

[21] *Id.*

[22] *Smith v. Hundley*, 190 F.3d 852 (8th Cir. 1999).

[23] *Id.* at 853.

[24] *Smith v. Hundley, supra* note 22. See, also, *Gladson v. Iowa Dept. of Corrections*, 551 F.3d 825 (8th Cir. 2009); *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985); *Wycoff v. Brewer*, 572 F.2d 1260 (8th Cir. 1978).

the public interest or when other rights or liabilities may be affected by its determination.[25] This exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem.[26] An application of the public interest exception to the mootness doctrine is inappropriate when the issues presented on appeal do not inherently evade appellate review.[27]

We decline to apply the public interest exception in this case. It is clear that the issues raised by Nesbitt are capable of repetition, as other inmates are subject to the complained-of housing conditions at the NSP. If a similar claim is brought, appellate judicial review is likely to occur. However, Nesbitt has not demonstrated a reasonable likelihood that he will be subject to the housing conditions existing at NSP, as he is no longer residing in that facility. In addition, Nesbitt's allegations detailing how the housing conditions affect his unique personal medical condition render the dispute less public in nature and more private in nature. As a result, we decline to apply the public interest exception to Nesbitt's claims. Therefore, no exception applies, and we must dismiss Nesbitt's appeal as moot.

## Class Action

[17,18] Nesbitt further contends that his complaint is filed in his own behalf and on behalf of all others similarly situated. Class actions are authorized under Neb. Rev. Stat. § 25-319 (Reissue 2016), which provides: "When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to

---

[25] *Al-Ameen v. Frakes*, 293 Neb. 248, 876 N.W.2d 635 (2016).

[26] *Id.*

[27] *Johnston, supra* note 3.

bring them all before the court, one or more may sue or defend for the benefit of all." In order to justify class action treatment, there must exist "'both a question of common or general interest *and* numerous parties so as to make it impracticable to bring all the parties before the court.'"[28] In determining whether a class action is properly brought, considerable discretion is vested in the trial court.[29]

In *Miller v. City of Omaha*,[30] we stated that an action may not be maintained as a class action by a plaintiff on behalf of himself or herself and others unless he or she has the power as a member of the class to satisfy a judgment on behalf of all members of the class.

Because Nesbitt's claims for injunctive relief and declaratory judgment are moot, he lacks commonality with members of the purported class on whose behalf he sought to litigate similar claims. The district court did not err in concluding that because Nesbitt could not maintain his individual cause of action against the appellees, he was unqualified to represent the purported class.

## PLEADINGS

[19] Nesbitt argues that his "pro se" complaint should be held to a less stringent standard and that he set forth short, plain statements of his claims for relief. Because we conclude that Nesbitt's claims are moot, we do not reach this pleading issue. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[31]

---

[28] *Lynch v. State Farm Mut. Auto. Ins. Co.*, 275 Neb. 136, 144, 745 N.W.2d 291, 298 (2008) (emphasis in original) (quoting *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994)).

[29] *Lynch, supra* note 28.

[30] *Miller v. City of Omaha*, 253 Neb. 798, 573 N.W.2d 121 (1998).

[31] *Woodmen of the World v. Nebraska Dept. of Rev.*, 299 Neb. 43, 907 N.W.2d 1 (2018).

## CONCLUSION

We conclude that Nesbitt's claims for injunctive relief and declaratory judgment are moot, as he is no longer subject to the housing conditions of which he complains. Regarding his claim for certification of a class action, because his underlying claims are moot and have been dismissed, Nesbitt lacks commonality with members of the purported class on whose behalf he sought to litigate similar claims. And in regard to his argument that he has stated claim upon which relief may be granted if tested under lenient pleading standards, we decline to reach the issue, as it is not necessary to adjudicate this dispute.

APPEAL DISMISSED.

FUNKE, J., participating on briefs.
WRIGHT and STACY, JJ., not participating.