In re Applications of Loren W. Koch.
Loren W. Koch and Department of Natural Resources,
appellees, v. Ronald E. Aupperle and
Mary Ann Aupperle, appellants.
736 N.W.2d 716

Filed August 3, 2007.    No. S-06-736.

Donald G. Blankenau, Kevin Griess, and, on brief, Jaron J. Bromm, of Blackwell, Sanders, Peper & Martin, L.L.P., for appellants.

Stephen D. Mossman, of Mattson, Ricketts, Davies, Stewart & Calkins, for appellee Loren W. Koch.

Jon Bruning, Attorney General, and Justin D. Lavene for appellee Department of Natural Resources.

Heavican, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Per Curiam.

Ronald E. Aupperle and Mary Ann Aupperle appeal from an order of the director of the Department of Natural Resources

(DNR) determining that they lacked standing to object to two applications filed by Loren W. Koch. One application sought approval of Koch's plans to construct a dam on an unnamed tributary that runs through properties owned by Koch and the Aupperles, and the other sought a permit to impound 50.5 acre-feet of water from the tributary via the dam. We conclude that the appeal is moot.

## BACKGROUND

The Aupperles and Koch own adjoining real property in Cass County, Nebraska. An unnamed tributary of Weeping Water Creek runs through the Aupperles' land in a northerly direction and enters onto land owned by Koch. The Aupperles are thus upstream users of the tributary, and Koch is a downstream user.

In 1989, Koch constructed a dam on the tributary and impounded approximately 50.5 acre-feet of water. The dam was constructed without obtaining the required dam safety and storage permits from the DNR. In 2005, the Aupperles, in cooperation with the Lower Platte South Natural Resources District (LPSNRD), commenced construction of a small, low-hazard dam to also impound water from the tributary. Because of its size, the dam was exempt from the DNR permitting requirements.[1]

In June 2005, Koch filed an action in the district court for Cass County seeking to enjoin the Aupperles from constructing their dam, which at the time was approximately 80-percent complete. The district court subsequently enjoined the Aupperles from constructing the dam unless it contained a drawdown or similar device that would allow water to flow through to Koch's property. The Aupperles appealed, and we reversed the judgment of the district court in an opinion filed today.[2]

On September 7, 2005, Koch filed two applications with the DNR. Application No. A-18333 sought a permit to allow

---

[1] See Neb. Rev. Stat. §§ 46-1601 to 46-1670 and 46-241(2) (Cum. Supp. 2006).

[2] See *Koch v. Aupperle, ante* p. 52, 737 N.W.2d 869 (2007).

the impoundment of 50.5 acre-feet of water for livestock purposes. Application No. P-16637 sought approval of the design and construction of his existing dam. The Aupperles and LPSNRD both filed written objections to the applications. Koch moved to strike the objections, and the director ruled in Koch's favor, finding that the Aupperles and LPSNRD lacked standing to object. In its order, the DNR noted that the processing of the applications would continue because "[s]talling the Application[s] simply defeats the intent of the Safety of Dams and Reservoirs Act." The DNR concluded: "As no objections remain on the record, the Applications will be processed with information from the Applications and the [DNR's] investigation, without hearing."

The Aupperles filed this timely appeal, which we moved to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[3] LPSNRD is not a party to the appeal. The DNR is a named party but did not file a brief after its motion for summary dismissal was overruled without prejudice.

On the day of oral argument in this court, Koch filed a motion to dismiss the appeal, accompanied by a copy of an order entered by the DNR on the previous day which approved both of Koch's applications. Oral argument proceeded as scheduled, but we granted both parties leave to submit additional briefs on the issue of mootness. In their mootness brief, the Aupperles concede that the DNR has granted Koch's applications. They argue, however, that the appeal is not moot and that even if it is, it should nevertheless be decided on the merits under the public interest exception to the mootness doctrine.

## ANALYSIS

### Is Appeal Moot?

■ A case becomes moot when the issues initially presented in the litigation cease to exist, when the litigants lack a legally cognizable interest in the outcome of litigation, or when the litigants seek to determine a question which does not rest upon

---

[3] See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

existing facts or rights, in which the issues presented are no longer alive.[4] The issue originally presented in this appeal was whether the Aupperles had standing to object to Koch's permit applications based upon their status as upstream landowners and the provisions of § 46-241(2), under which an on-channel reservoir with a water storage impounding capacity of less than 15-acre feet is exempted from DNR permit requirements. We conclude that this case is moot. Our resolution of the standing issue would have no impact on the DNR's consideration of Koch's applications, as that administrative proceeding has been concluded.

The Aupperles argue that "[t]he question on appeal ultimately concerns the extent of DNR's regulatory authority over the owners of certain small ponds."[5] But the DNR has not sought in this action to exercise any regulatory authority over the Aupperles. Thus, any determination of the respective water rights of the Aupperles and Koch would constitute nothing more than an advisory opinion, as there is no case and controversy regarding such rights. In the absence of an actual case or controversy requiring judicial resolution, it is not the function of the courts to render a judgment that is merely advisory.[6] A court decides real controversies and determines rights actually controverted, and does not address or dispose of abstract questions or issues that might arise in a hypothetical or fictitious situation or setting.[7]

### Does Public Interest Exception Apply?

The Aupperles argue that if we determine the appeal is moot, we should nevertheless decide the issues presented under the public interest exception to the mootness doctrine.

---

[4] *Swoboda v. Volkman Plumbing*, 269 Neb. 20, 690 N.W.2d 166 (2004); *In re Application No. C-1889*, 264 Neb. 167, 647 N.W.2d 45 (2002).

[5] Brief for appellant in opposition to motion for summary dismissal at 4.

[6] *Wilcox v. City of McCook*, 262 Neb. 696, 634 N.W.2d 486 (2001); *Keller v. Tavarone*, 262 Neb. 2, 628 N.W.2d 222 (2001).

[7] *Wood v. Wood*, 266 Neb. 580, 667 N.W.2d 235 (2003); *In re Estate of Reading*, 261 Neb. 897, 626 N.W.2d 595 (2001).

An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination.[8] This exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem.[9]

At its core, this is a dispute between two private landowners regarding potential future rights to store water flowing in a watercourse which transverses their properties. The facts which would frame the resolution of this dispute have not yet occurred. Because we find the necessary considerations to be lacking, we decline to reach the merits of this moot appeal under the public interest exception.

## CONCLUSION

For the reasons discussed, we conclude that the issue presented in this appeal is moot, and we decline to reach it under the public interest exception to the mootness doctrine. Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

---

[8] *Davis v. Settle*, 266 Neb. 232, 665 N.W.2d 6 (2003); *Chambers v. Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002).

[9] *Id.*