755 N.W.2d 807 (2008)
276 Neb. 596
BRYANLGH MEDICAL CENTER, a Nebraska nonprofit corporation, appellee and cross-appellant,
v.
NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES REGULATION AND LICENSURE, an administrative agency of the State of Nebraska, and Joann Schaefer, M.D., Director of the Nebraska Department of Health and Human Services Regulation and Licensure, appellees, and Madonna Rehabilitation Hospital, a Nebraska nonprofit corporation, intervenor-appellant and cross-appellee.
No. S-07-1016.
Supreme Court of Nebraska.
September 19, 2008.
*810 Loel P. Brooks, of Brooks, Pansing & Brooks, P.C., L.L.O., and Steven G. Seglin and Thomas E. Jeffers, of Crosby Guenzel, L.L.P., Lincoln, for intervenor-appellant.
Kirk S. Blecha, Barbara E. Person, and John A. Sharp, of Baird Holm, L.L.P., Omaha, for appellee BryanLGH Medical Center.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.
The issue presented by the parties to this appeal involves the statutory criteria for determining whether a certificate of need is required for an increase in the number of rehabilitation beds in a health care facility. But the initial question we must decide is whether this appeal has become moot, due to an intervening change in state law and the approval of the plaintiff's application for Medicare certification of its increased number of rehabilitation beds.

BACKGROUND
The Nebraska Health Care Certificate of Need Act[1] establishes, among other things, the criteria and procedures by which the Nebraska Department of Health and Human Services Regulation and Licensure (Department) issues the certificates of need that permit establishment or expansion of hospital bed capacity. At the time this litigation began, § 71-5829.03(2) provided that a certificate of need was required for "[a]n increase in the long-term care beds or rehabilitation beds of a health care facility by more than ten beds or more than ten percent of the total bed capacity, whichever is less, over a two-year period."
BryanLGH Medical Center (BryanLGH) sought to add 10 rehabilitation beds at its west campus, increasing its number of rehabilitation beds from 20 to 30. BryanLGH's total bed capacity was to remain 290 beds, because BryanLGH intended to seek Medicare certification of 10 of its acute care beds as rehabilitation beds. BryanLGH sought confirmation from the Department that no certificate of need would be required for this increase in its number of rehabilitation beds.
The Department informed BryanLGH that a certificate of need would be required. The Department explained that it interpreted § 71-5829.03(2) as requiring a certificate of need if a facility proposed to increase its number of rehabilitation beds by more than 10 percent of the total rehabilitation bed capacity. Because BryanLGH had 20 rehabilitation beds, the Department concluded that BryanLGH could add only 10 percent of that  2 beds  without a certificate of need.
BryanLGH filed a declaratory judgment action in the district court, seeking a declaration that no certificate of need was required. BryanLGH contended that the "total bed capacity," within the meaning of § 71-5829.03(2), referred to the total number of beds of any kind. Thus, BryanLGH concluded that it could add up to 10 rehabilitation beds without a certificate of need, because 10 beds were less than 10 percent of its total bed capacity of 290. *811 The Department denied BryanLGH's contentions, as did Madonna Rehabilitation Hospital (Madonna), which the district court allowed to intervene in support of the Department's position. But the district court ultimately agreed with BryanLGH, and declared that BryanLGH had the right to seek Medicare certification for 10 additional rehabilitation beds without a certificate of need.
Madonna appealed on September 20, 2007, and we granted Madonna's petition to bypass the Nebraska Court of Appeals. While the appeal was progressing, the Legislature turned its attention to § 71-5829.03, in specific response to the district court's decision in this case. As enacted, 2008 Neb. Laws, L.B. 765, expressly provided that a certificate of need is required for, among other things, "[a]n increase in the rehabilitation beds of a health care facility by more than ten rehabilitation beds or more than ten percent of the total rehabilitation bed capacity of such facility, whichever is less, over a two-year period."[2] The stated purpose of the legislation was to clarify that "a proposed increase in rehabilitation beds will be measured against the current total bed capacity of rehabilitation beds."[3]
But the changes effected by L.B. 765 did not become effective until July 18, 2008.[4] In the meantime, on May 9, the Centers for Medicare and Medicaid Services informed BryanLGH that the 10 additional rehabilitation beds BryanLGH had requested had been approved.

ASSIGNMENTS OF ERROR
Before us now is the appeal taken by Madonna after the district court's declaratory order. Madonna assigns, consolidated, restated, and renumbered, that the district court erred in (1) interpreting the phrase "total bed capacity" in § 71-5829.03(2) and (2) failing to defer to the Department's interpretation of § 71-5829.03(2). On cross-appeal, BryanLGH assigns that the district court erred in finding that (1) Madonna possessed a direct and legal interest in the outcome of the case sufficient to permit it to intervene and (2) the Department could not adequately represent Madonna's interest.
In addition, after L.B. 765 was enacted, we entered a supplemental briefing order, directing the parties to brief the following issues: (1) how the enactment or legislative history of L.B. 765 should inform this court's analysis of the issues presented in this appeal and (2) whether the enactment of L.B. 765 renders any or all of those issues moot.

STANDARD OF REVIEW
[1-3] Mootness does not prevent appellate jurisdiction.[5] But, because mootness is a justiciability doctrine that operates to prevent courts from exercising jurisdiction, we have reviewed mootness determinations under the same standard of review as other jurisdictional questions. A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent *812 of the lower court's decision.[6]

ANALYSIS
[4-7] The first issue we confront in this case is whether the appeal has become moot. A case becomes moot when the issues initially presented in the litigation cease to exist, when the litigants lack a legally cognizable interest in the outcome of litigation, or when the litigants seek to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive.[7] Although not a constitutional prerequisite for jurisdiction, an actual case or controversy is necessary for the exercise of judicial power.[8] In the absence of an actual case or controversy requiring judicial resolution, it is not the function of the courts to render a judgment that is merely advisory.[9] Therefore, as a general rule, a moot case is subject to summary dismissal.[10]
[8] BryanLGH has filed a suggestion of mootness in this case, establishing the facts set forth above.[11] At oral argument, counsel for Madonna refused to concede the facts underlying BryanLGH's suggestion of mootness, but counsel did not dispute them either. Instead, counsel essentially questioned BryanLGH's provision of proof that its additional rehabilitation beds had been Medicare certified. But it is well established that when a party or parties are aware that appellate issues have become moot during the pendency of the appeal and such mootness is not reflected in the record, in the interest of judicial economy, a party may file a suggestion of mootness in the Nebraska Supreme Court or Court of Appeals as to the issue or issues claimed to be moot.[12]
[9] Essentially, the suggestion of mootness is a motion filed in an appellate court, asking that court to dismiss the appeal and including evidence to substantiate its underlying allegations. Madonna resists BryanLGH's suggestion of mootness, but has not alleged facts, or presented evidence, to contradict the allegations and evidence submitted by BryanLGH. Nor do we have any reason to believe that BryanLGH has submitted evidence in bad faith. Based on BryanLGH's suggestion of mootness, and in the absence of any credible suggestion to the contrary, we find that the facts alleged in BryanLGH's suggestion of mootness have been sufficiently established.
[10] Based on those facts, BryanLGH argues that the case is moot because the relief provided by the district court is complete. We agree. The district court's order simply allowed BryanLGH to seek Medicare certification of 10 additional rehabilitation beds without a certificate of need. BryanLGH has completed that certification process. Therefore, reversing the court's order would have no practical effect.
Nor is there anything in the pleadings or transcript to suggest that Madonna or *813 the Department asked the district court to provide any relief against BryanLGH. They simply asked the court to deny BryanLGH's claim for relief  a request that is no longer meaningful. In other words, even if there is some mechanism by which the court could order BryanLGH to "undo" what it has done, there is no claim before us in this appeal that would support the provision of such relief. BryanLGH obtained the only relief it sought, and no other party asked the district court to do anything else.
[11] We are aware that engaging in conduct that requires a certificate of need without obtaining a certificate of need is subject to civil and criminal penalties.[13] But again, there is nothing in the record to suggest that BryanLGH is, or will be, subject to such penalties. A court decides real controversies and determines rights actually controverted, and does not address or dispose of abstract questions or issues that might arise in a hypothetical or fictitious situation or setting.[14]
[12-14] We have held that an appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination.[15] This exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem.[16] But in this case, L.B. 765 precludes application of the public interest exception. This would be a case of last impression, and in the absence of a party whose rights are presently at issue, there is no need for an authoritative construction of statutory language that no longer exists. The public interest exception to the mootness doctrine is not applicable here.

CONCLUSION
Given the record before us, and the uncontested facts established by BryanLGH's suggestion of mootness, we conclude that this appeal is moot and that the public interest exception to the mootness doctrine is not applicable. Madonna's appeal and BryanLGH's cross-appeal are dismissed.
APPEAL DISMISSED.
NOTES
[1] Neb.Rev.Stat. §§ 71-5801 to 71-5870 (Reissue 2003).
[2] L.B. 765, One Hundredth Legislature, Second Session.
[3] Committee Statement, L.B. 765, Committee on Health and Human Services, 100th Leg., 2d Sess. (Jan. 24, 2008) (emphasis in original).
[4] See, Neb. Const. art. III. § 27; Legislative Journal, 100th Leg., 2d Sess. 1579 (Apr. 17, 2008).
[5] State v. Eutzy, 242 Neb. 851, 496 N.W.2d 529 (1993); Maack v. School Dist. of Lincoln, 241 Neb. 847, 491 N.W.2d 341 (1992).
[6] Anderson v. Houston, 274 Neb. 916, 744 N.W.2d 410 (2008).
[7] Orchard Hill Neighborhood v. Orchard Hill Mercantile, 274 Neb. 154, 738 N.W.2d 820 (2007).
[8] Id.
[9] In re Applications of Koch, 274 Neb. 96, 736 N.W.2d 716 (2007).
[10] Johnston v. Nebraska Dept. of Corr. Servs., 270 Neb. 987, 709 N.W.2d 321 (2006).
[11] See ProData Computer Servs. v. Ponec, 256 Neb. 228, 590 N.W.2d 176 (1999).
[12] Id. See, also, V.C. v. Casady, 262 Neb. 714, 634 N.W.2d 798 (2001); Beachy v. Becerra, 259 Neb. 299, 609 N.W.2d 648 (2000); Greater Omaha Realty Co. v. City of Omaha, 258 Neb. 714, 605 N.W.2d 472 (2000).
[13] See §§ 71-5869 and 71-5870.
[14] In re Applications of Koch, supra note 9.
[15] Id.
[16] Id.