IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


IN RE INTEREST OF ANGELO A. & ELI A.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


IN RE INTEREST OF ANGELO A. AND ELI A.,
CHILDREN UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

ALONSO A., APPELLEE, AND MICHAELA SKOGERBOE,
GUARDIAN AD LITEM, APPELLANT.


Filed May 1, 2018.    No. A-17-669.


Appeal from the Separate Juvenile Court of Douglas County: VERNON DANIELS, Judge. Appeal dismissed.

Michaela Skogerboe, of Harris & Associates, P.C., L.L.O., guardian ad litem.

Reginald Young, of Young & Young, for appellee Alonso A.


RIEDMANN, BISHOP, and WELCH, Judges.

BISHOP, Judge.

The guardian ad litem (GAL) for two children, Angelo A. and Eli A., appeals from an order entered by the separate juvenile court of Douglas County, placing custody of the children with their father, Alonso A. We conclude this appeal is moot, and since no exception to the mootness doctrine applies, the appeal is dismissed.

BACKGROUND

Alonso and Stephanie A. are married and they are the biological parents of Angelo (born in 2012) and Eli (born in 2016). Eli was born addicted to methadone and the children were

subsequently removed from the parental home and placed in the custody of the Nebraska Department of Health and Human Services (DHHS). On August 12, 2016, an adjudication order was entered finding the children to be within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Supp. 2015), based on Stephanie's admission that her use of alcohol and/or controlled substances placed the children at risk for harm.

In November 2016, DHHS filed a notice of change of placement, stating that Angelo and Eli were being placed with Alonso (the children were previously in a relative foster home). Alonso and Stephanie were still married and maintained a relationship, but they were no longer living in the same home.

Although a supplemental petition containing allegations against Alonso had been filed in May 2016, the State filed a motion to dismiss the supplemental petition on March 6, 2017. In an order filed that same day, the court sustained the State's motion, dismissed the petition without prejudice, and relieved DHHS of "all responsibility" with respect to Angelo and Eli.

On April 4, 2017, a review and permanency planning hearing was held with respect to the original petition concerning Stephanie. After exhibits were received into evidence regarding Stephanie's progress, the court heard from DHHS' counsel, who asked the court to adopt the case plan and court report and recommendations. DHHS agreed "at this point" with reunification efforts involving Stephanie, and "hope[d] things work . . . out, since the mother and the father wants [sic] to be reunited, to go ahead and reunite the kids with all of them." Counsel for DHHS then asked for clarification on the court's previous order (from March). Counsel said:

> One thing about the order . . . the court issued when the petition was dismissed against the father, the Court puts in there, and I think every one [sic] interprets that [DHHS] was relieved of the care and custody of the two children, the proper interpretation is that that only relates to the father, and that we're still involved in the case as far as the mother goes.
>
> So I was just asking if that can be clarified in this order that the children are still in [DHHS'] custody.

Alonso's counsel then asked the court to place custody of the children with Alonso, noting that the children had been doing well since being placed with him, and that the allegations against him had been dismissed. The GAL objected, citing concerns that Alonso and Stephanie maintained a relationship and that Alonso would not be able to protect the children from her. The State and DHHS also objected to Alonso being granted custody. The court, referring to language in *In re Interest of Sloane O.*, 291 Neb. 892, 870 N.W.2d 110 (2015), said that "absent circumstances which justify terminating a parent's constitutionally [protected] right to care for his or her child[,] due regard for the [right] [requires] that [a] biological or adoptive parent be presumptively regarded as the proper guardian for his or her child. The doctrine is even applicable to an adjudicated child." The court said that a parent has the presumption of fitness unless it is shown that they are unfit. The GAL stated that was why she was asking for an evidentiary hearing on that issue. The court took the matter under advisement.

In an order filed on May 30, 2017, the court noted its concerns about Alonso's relationship with Stephanie and his ability to protect the children from her. However, after noting that the allegations against Alonso had been dismissed, the court sustained Alonso's motion for custody

and relieved DHHS of "further responsibility." However, on June 22, upon motion by the State, the juvenile court entered an ex parte order for immediate temporary custody, placing the children back into the temporary custody of DHHS. Angelo and Eli were to be placed in foster care or other appropriate placement, to exclude the home of Alonso.

Despite the children being removed from Alonso's custody, the GAL filed a notice of appeal on June 29, 2017, stating her intent to appeal the juvenile court's May 30 order.

The juvenile court subsequently entered an order on July 27, 2017. After a protective custody hearing, the juvenile court found the evidence established that Alonso was allowing Stephanie to have unauthorized contact with the children, and that the children were at risk for harm if returned to Alonso. The juvenile court ordered the children to remain in the temporary custody of DHHS, with placement to exclude the home of Alonso.

## ASSIGNMENTS OF ERROR

The GAL assigns the juvenile court erred in (1) sustaining Alonso's motion for custody and relieving DHHS of custody of the minor children and (2) denying the GAL the right to a hearing to present evidence on the matter of custody.

## STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings. *In re Interest of Isabel P. et al.*, 293 Neb. 62, 875 N.W.2d 848 (2016).

## ANALYSIS

Before we can address the GAL's assigned errors, we must determine whether this appeal has become moot. A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the litigation's outcome. *In re Interest of Thomas M.*, 282 Neb. 316, 803 N.W.2d 46 (2011). Although mootness does not prevent appellate jurisdiction, it is a justiciability doctrine that can prevent courts from exercising jurisdiction. *Id.*

When a party or parties are aware that appellate issues have become moot during the pendency of the appeal and such mootness is not reflected in the record, in the interest of judicial economy, a party may file a suggestion of mootness in the Nebraska Supreme Court or Court of Appeals as to the issue or issues claimed to be moot. *BryanLGH v. Nebraska Dept. of Health & Human Servs.*, 276 Neb. 596, 755 N.W.2d 807 (2008). "Essentially, the suggestion of mootness is a motion filed *in an appellate court*, asking that court to dismiss the appeal and including evidence to substantiate its underlying allegations." *Id.* at 601, 755 N.W.2d at 812 (emphasis in original).

Alonso filed a motion for summary dismissal with this court, informing us that the juvenile court entered an ex parte order for immediate temporary custody on June 22, 2017, placing the children in the temporary custody of DHHS, and on July 27, it entered an order continuing temporary custody with DHHS. Thus, Alonso claimed that as a result of him no longer having custody, the GAL's appeal is moot. At Alonso's request, a supplemental transcript was filed with this court containing the June 22 and July 27 orders he claimed render this appeal moot, and we will consider those orders as evidence substantiating his allegations of mootness. See *BryanLGH v. Nebraska Dept. of Health & Human Servs., supra* (in determining appeal was moot, Supreme

Court considered evidence of actions that occurred after lower court's judgment was entered and notice of appeal was filed). The orders in the supplemental transcript also reflect that a second supplemental petition "concerning" Alonso was filed, although that pleading does not appear in our record.

The GAL objected to the motion for summary dismissal, stating that the issues on appeal are different and separate from the issues that subsequently brought the case back before the juvenile court and resulted in the children being placed back in the custody of DHHS. She argued that even if the matter might be moot, there is a public interest exception to be considered in this appeal. The GAL noted that issues involving custody with a parent "who has not been 'adjudicated'" versus custody with DHHS are becoming increasingly common following the release of *In re Interest of Sloane O., supra*. We overruled Alonso's motion for summary dismissal so that we could allow the matter to proceed to a full opinion.

The GAL claims that the issues on appeal from the May 30, 2017, order are different and separate from the issues that resulted in the children being placed back in the custody of DHHS. The GAL's assigned errors pertain to the juvenile court sustaining Alonso's motion for custody and relieving DHHS of custody of the children, and the denial of the GAL's right to a hearing to present evidence on the matter of custody. The GAL's position on appeal is that just because there were no allegations against Alonso that does not mean he should automatically be awarded custody of the children without an opportunity for a hearing to present evidence on the matter. It is true that the legal argument the GAL advances on appeal, and for which she seeks clarification in our jurisprudence, is different from the factual issues which resulted in temporary custody of the children being returned to DHHS. However, this does not change the fact that the issue of custody is now moot. As previously noted, the subsequent orders of June 22 and July 27 placed the children back into the temporary custody of DHHS, with placement to exclude Alonso's home; and the July 27 order was entered after an evidentiary hearing. Clearly the appeal is moot because the issues initially presented cease to exist and the parties lack a legally cognizable interest in the outcome of the appeal. See *In re Interest of Thomas M., supra*.

However, the GAL argues that even if the matter might be moot, there is a public interest exception to be considered in this appeal. With regard to such an exception, the Nebraska Supreme Court has explained:

"[U]nder the public interest exception, we may review an otherwise moot case if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination. And when determining whether a case involves a matter of public interest, we consider (1) the public or private nature of the question presented, (2) the desirability of an authoritative adjudication for future guidance of public officials, and (3) the likelihood of future recurrence of the same or a similar problem."

*In re Interest of Thomas M.*, 282 Neb. at 321, 803 N.W.2d at 51.

In her objection to Alonso's motion for summary dismissal, the GAL claimed that issues involving custody with a parent "who has not been 'adjudicated'" versus custody with DHHS are becoming increasingly common following the release of *In re Interest of Sloan O.*, 291 Neb. 892, 870 N.W.2d 110 (2015). In that case, the Nebraska Supreme Court stated that the parental preference doctrine--a parent's natural right to the custody of his or her child--is applicable to an

adjudicated child. Therefore, the GAL asserted that "[c]larification is needed as to whether a parent who has not been 'adjudicated' is automatically entitled to custody without consideration of any other facts or circumstances." Because it is the child or children who are adjudicated, not the parents, we construe this to mean a parent who does not have allegations against him or her in the juvenile petition. See *In re Interest of Devin W. et al.*, 270 Neb. 640, 654, 655, 707 N.W.2d 758, 768 (2005) (Supreme Court noted juvenile court's order referred to "'unadjudicated parent'" and noted Court of Appeals' opinion discussed "'the lack of an adjudication as to'" parent; Supreme Court said, "We disapprove of this language, which does not accurately reflect the purpose or substance of an adjudication proceeding," and references to "adjudicated parents . . . are disapproved").

Since the initial briefing was filed in this case, the Nebraska Supreme Court released *In re Interest of Lilly S. & Vincent S.*, 298 Neb. 306, 321, 903 N.W.2d 651, 663 (2017), which specifically addresses the GAL's concerns by finding that a "nonadjudicated" parent is not automatically entitled to placement of the child. The Nebraska Supreme Court has clarified that at a dispositional hearing, the State or another interested party or a predisposition report may raise concerns about the parental fitness of a "nonadjudicated" parent, and that parent has the burden to rebut such evidence. *Id*. at 320, 903 N.W.2d at 663. The court further noted that "while it is true that a parent has a natural right to the custody of his or her child, the court is not bound as a matter of law to restore a child to a parent under any and all circumstances." *Id*. at 320-21, 903 N.W.2d at 663. "[T]he parent's natural right is limited by the State's power to protect the health and safety of the children." *Id*. at 321, 903 N.W.2d at 663. Because *In re Interest of Lilly S. & Vincent S.* provides the clarification sought by the GAL, we decline to reach the merits of this moot appeal under the public interest exception**.**

## CONCLUSION

Because we conclude this appeal is moot and no exception to the mootness doctrine applies, the appeal is dismissed.

APPEAL DISMISSED.