IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

ANDERSON EXCAVATING CO. V. CITY OF OMAHA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ANDERSON EXCAVATING CO., APPELLANT,

V.

CITY OF OMAHA, APPELLEE.

Filed May 5, 2020.    No. A-19-484.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for appellant.

Mary L. Hewitt and Mathew T. Watson, of McGill, Gotsdiner, Workman & Lepp, P.C., L.L.O., for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

PIRTLE, Judge.

### INTRODUCTION

Anderson Excavating Co. (Anderson) appeals from an order of the district court for Douglas County granting the City of Omaha's (the City) amended motion to dismiss. For the reasons set out below we affirm the order of the district court.

### BACKGROUND

Anderson's statement of facts in its brief fails to comply with Neb. Ct. R. App. P. § 2-109(D)(1)(g). The Nebraska Supreme Court has cautioned that "failure to properly document the brief with appropriate references to the record carries substantial risks and may have grave consequences." *City of Gordon v. Montana Feeders, Corp.*, 273 Neb. 402, 404, 730 N.W.2d 387, 390 (2007). The Court went on to say:

This rule is not for the purpose of relieving the court of the duty of examining the entire record, but to enable a better understanding of appellant's argument and to make more certain that "essential matters" are not overlooked in determining the questions presented in the appeal. Counsel should observe these rules in presenting appeals.

*Id.* While *City of Gordon* instructs that we might confine our review of the record to "plain error," we will, nevertheless, conduct a de novo review of Anderson's claims. See *Tryon v. City of North Platte*, 295 Neb. 706, 890 N.W.2d 784 (2017).

FACTS

In 2015, the City sought bidders for a contract to demolish the Civic Auditorium. Anderson was among the bidders, but the City awarded the contract to DeNovo Constructors, Inc. (DeNovo), since its bid was the lowest and most responsive. DeNovo is an Illinois corporation with its principal place of business in Chicago. The City entered into a contract with DeNovo on February 4, 2016, for demolition in exchange for the sum of $3,105,743. As part of the contract, U.S. Specialty Insurance Company (USSIC), as surety, executed and delivered a performance, payment and maintenance bond (the Bond).

On March 8, 2016, the City declared DeNovo to be in default under the contract and made a claim against the surety company. Pursuant to the Bond, USSIC tendered a substitute demolition company to perform the remaining work on the demolition project.

Anderson filed its original complaint against the City on April 8, 2016, which was amended on April 13. In the amended complaint, Anderson alleged it was a contractor and taxpayer doing business in Omaha, Nebraska, and "resident bidder" under state statute and the City's Municipal Code. Anderson alleged the award of the demolition contract to DeNovo and later to the substitute company was "illegal, ultra vires, arbitrary, capricious and void," which damaged Anderson as a taxpayer and resident bidder. Anderson also claimed it had no adequate remedy at law other than injunctive and declaratory relief, but acknowledged its challenge to an illegal contract may be rendered moot upon completion of the demolition contract.

On April 14, 2016, Anderson filed an application for a temporary restraining order. The district court denied the application as untimely since the contract had been awarded, and awarded again, and work was ongoing.

On May 13, 2016, the City moved to dismiss the amended complaint on standing and mootness grounds. On September 22, 2016, the motion was granted. Anderson subsequently filed a motion to alter or amend which was granted on February 21, 2017. Anderson was granted leave to further amend its complaint.

The second amended complaint and application for temporary restraining order, temporary and permanent injunction, was filed March 10, 2017. Anderson again alleged that as a taxpayer and resident bidder it was entitled to declaratory and injunctive relief based on the City's illegal conduct. What made this complaint different from the previous complaint was Anderson's claim for monetary damages in its capacity as the resident bidder. Anderson alleged it had suffered direct damages in an amount "not less than" $800,000 in the form of bid preparation costs, lost profits, and overhead costs. The complaint also alleged special and general damages for a total claim of "not less than one million dollars."

In April 2017, the demolition of the Civic Auditorium was substantially completed and payment was made. Additional site work was finished in November 2017 and the City made the final payment for all work performed under the demolition contract. On March 13, 2018, more than a year after filing its second amended complaint and well after the demolition contract had been completed, Anderson submitted a scheduling order based on a proposed trial date of December 1, 2018. On February 11, 2019, the City filed an amended motion to dismiss seeking dismissal of the second amended complaint on the grounds that Anderson either lacked standing to pursue its claims or the alleged claims were now moot. At the hearing on the amended motion to dismiss no evidence was presented disputing the demolition of the auditorium or that all payments under the demolition contract had been paid. On April 29, 2019, the district court entered the order appealed from here, dismissing Anderson's monetary claims due to a lack of standing and finding Anderson's equitable claims were moot.

## ASSIGNMENTS OF ERROR

Anderson raises five assignments of error: (1) that the court erred in finding it lacked standing to pursue monetary damages; (2) that the court erred in finding Nebraska does not recognize "resident bidder" standing; (3) that the court erred in finding Anderson failed to allege a viable taxpayer claim entitling it to damages; (4) that the court erred in finding Anderson's declaratory judgment claims were moot; and even if the claims were moot, (5) the court erred in failing to find the "public interest exception" applied.

## STANDARD OF REVIEW

A district court's grant of a motion to dismiss is reviewed de novo. *Tryon v. City of North Platte*, 295 Neb. 706, 890 N.W.2d 784 (2017).

## ANALYSIS

### ANDERSON LACKED STANDING TO PURSUE DAMAGES AND NEBRASKA DOES NOT RECOGNIZE "RESIDENT BIDDER STATUS"

A challenge to standing is treated as a motion to dismiss for lack of subject matter jurisdiction, and when such a challenge is filed at the pleadings stage

> it is considered a "facial challenge." In resolving a facial challenge, a court will review the pleadings to determine whether there are sufficient allegations to establish the plaintiff's standing. The court will accept the allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party. At the pleadings stage, the standard for determining the sufficiency of a complaint to allege standing is fairly liberal.

*Jacobs Engr. Group v. ConAgra Foods*, 301 Neb. 38, 54, 917 N.W.2d 435, 451 (2018). The City challenged Anderson's claims for damages and injunctive relief at the pleadings stage asserting it lacked standing, or the claims had become moot.

### DAMAGES

Standing requires that a party has a personal stake in the outcome of a controversy and this stake is fundamental to the court's exercise of jurisdiction. *In re Maint. Fund Trust of Sunset Mem.*

*Park Chapel*, 302 Neb. 954, 925 N.W.2d 695 (2019). Anderson takes the position that because it is a Nebraska corporation and it submitted the lowest responsive bid in that capacity, which was rejected, it has a claim for personal damages. But Nebraska law does not permit an individual, as an unsuccessful bidder, to pursue a claim for personal damages. *Day v. City of Beatrice*, 169 Neb. 858, 101 N.W.2d 481 (1960). An unsuccessful bidder has no contractual right to enforce and the injury, if any, resulting from the rejection of his bid, falls upon the public and not him personally. *Id.* at 866, 101 N.W.2d at 488. The City awarded the contract to DeNovo, the lowest bidder, which was a benefit to the public. Awarding monetary damages to an unsuccessful bidder would result in the loss of more taxpayer funds, adding to the cost of the project, which would not serve the public interest. *See Sutter Bros. Const. v. City of Leavenworth,* 708 P.2d 190, 195 (Kan. 1985).

RESIDENT BIDDER STATUS

Anderson asserts a separate basis for standing as a "resident bidder" under Nebraska statutes and City ordinance. However, neither the Public Lettings Act, Neb. Rev. Stat. §§ 73-101 et seq., nor sections 5.16 and 5.17 of the City's charter create a private right of action to pursue monetary damages for violation of a resident bidder preference. Therefore, no losing Nebraska bidder has standing to pursue a personal claim for monetary damages when a contract is awarded to the overall lowest bidder.

We find Anderson's assignments that the district court erred in dismissing its second amended complaint for lack of standing are without merit.

TAXPAYER CLAIM

Anderson complains the district court erred in finding it needed to allege a derivative action on behalf of the City if its intent was to recover funds illegally paid under the demolition contract. The City argues since Anderson was seeking personal damages it could not properly state a derivative claim on behalf of the City.

Anderson identifies itself as a taxpayer in Omaha, Nebraska, which is the only element of a derivative claim found in its second amended complaint. To state a proper taxpayer derivative claim the claimant must seek recovery on behalf of the City or from third parties on behalf of the City which the City could have pursued on its own in the first instance. *Tryon v. City of North Platte*, 295 Neb. 706, 890 N.W.2d 784 (2017); *Myers v. Nebraska Invest. Council*, 272 Neb. 669, 724 N.W.2d 776 (2006). In this case Anderson did not allege a derivative action to recover funds illegally paid by the City under the demolition contract. The City had the legal authority to enter into the demolition contract and it paid for services rendered under the contract. Here, Anderson sued the City, and only the City, to recover personal losses, not losses suffered by a taxpayer because the City failed to act. Since Anderson seeks individual recovery from the City rather than relief for the benefit of the City, its claims for recovery of illegally expended funds were properly dismissed.

MOOTNESS AND PUBLIC INTEREST EXCEPTION

Unless an exception applies, "a court must dismiss a case when the issues are no longer alive because the litigants lack a personal interest in their resolution. Dismissal is required because the court or tribunal can no longer give any meaningful relief." *In re 2007 Appropriations of*

*Niobrara River Waters*, 278 Neb. 137, 145, 768 N.W.2d 420, 426-27 (2009). Since Anderson's claims for monetary damages were properly dismissed, the only claims remaining were equitable in the form of declaratory or injunctive relief.

Anderson filed its second amended complaint on March 10, 2017. In April 2017 the demolition work on the auditorium had been completed. The Supreme Court has said the doctrine of mootness is """"the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."""" *Mullendore v. Nuernberger*, 230 Neb. 921, 926, 434 N.W.2d 511, 515 (1989) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980). So, without an exception to the mootness doctrine, the second amended complaint was properly dismissed.

An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination. This exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem. *BryanLGH v. Nebraska Dept. of Health & Human Servs.*, 276 Neb. 596, 755 N.W.2d 807 (2008). See, also, *In re Applications of Koch*, 274 Neb. 96, 736 N.W.2d 716 (2007) (rejecting appellants' argument that public interest exception applied).

Anderson filed its second amended complaint in March 2017. The demolition project was completed in April 2017 and the bulk of the fees had been paid to the contractor. Anderson's equitable claims were moot and properly dismissed.

The district court noted in its order dismissing the second amended complaint that Anderson did not address the public interest exception during the hearing on the motion. Instead, the court raised the issue on its own motion and concluded the public interest exception did not apply since the analysis the court would need to make would be specific to bidding proposals and contract elements instead of a common situation requiring authoritative adjudication. We agree, and find that since the public interest exception to the mootness doctrine does not apply, the equitable claims were properly dismissed.

CONCLUSION

Anderson lacked standing to pursue claims for monetary relief and no public interest exception applies to its equitable claims which are now moot. The order of the district court is affirmed.

AFFIRMED.