IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF TORRIEN H.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF TORRIEN H., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

TORRIEN H., APPELLANT.

Filed June 29, 2021.    No. A-20-749.

Appeal from the Separate Juvenile Court of Lancaster County: REGGIE L. RYDER, Judge. Appeal dismissed.

Joseph D. Nigro, Lancaster County Public Defender, and Ella M. Newell for appellant.

Patrick F. Condon, Lancaster County Attorney, and Maureen E. Lamski for appellee.

RIEDMANN, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Torrien H. appeals the Lancaster County Separate Juvenile Court's order committing her to the Youth Treatment and Rehabilitation Center (YRTC), arguing the juvenile court erred in committing her to YRTC in violation of her procedural and substantive due process rights and in finding that all levels of probation supervision and all options for community-based services had been exhausted. For the reasons set forth herein, we dismiss her appeal.

## STATEMENT OF FACTS

Torrien was born in February 2002. In May 2017, Torrien was found to be a juvenile within the meaning of Neb. Rev. Stat. § 43-247(1) (Reissue 2016) and was placed on probation. In 2019,

- 1 -

she was committed to YRTC. Prior to Torrien's September 2020 placement at YRTC, probation utilized numerous supervisory and community based services available for her, including: placement in two group homes, placement with her grandmother, placement through regular foster care, placement in the Women In Community Service group home, placement at Cedars Shelter, subjecting Torrien to electronic monitoring and "Cedars Day Reporting," utilization of services through Boys Town Psychiatric Residential Treatment Facilities, utilization of multi-systemic therapy, and utilization of intensive family preservation services. Torrien admitted to having problems with alcohol, drinking frequently while she was on the run, and that when she was detained, she tested positive for methamphetamines and tetrahydrocannabinol.

In September 2020, a hearing was held on the State's third supplemental motion to revoke Torrien's probation on the basis that Torrien had failed to make satisfactory adjustments as required by the terms of her probation after a reasonable opportunity to do so. At the hearing, Torrien informed the court she was 18 years old and admitted to the allegations contained within the third supplemental motion to revoke probation. The court accepted Torrien's admission and found there was a sufficient factual basis to support the allegations within the motion. The court then deferred ruling on whether to revoke probation pending review of an updated predisposition report and placed Torrien with her grandmother subject to the terms of conditional release as otherwise provided in that order.

Later in September 2020, the court held a hearing on a motion for continued detention. At that hearing, the State adduced evidence which established Torrien had run away from her grandmother's house shortly after being placed there and had run away from prior placements on at least four separate occasions. As a result of Torrien's flight risk, the State indicated it planned to file another motion to commit Torrien to YRTC. The court then informed Torrien:

[Y]ou are now pending disposition on a Third Supplemental Motion to Revoke Probation Torrien. And under the Juvenile Code [§] 43-286 [Supp. 2019], there is a provision that says and I will be very clear, Subsection [5] lower case b roman numeral 5. That if the Juvenile is found by the Court to have violated the terms of her probation, or supervision, or order of the Court, the Court may modify the terms and conditions of probation, supervision, or other court order, extend the period of probation, or other court order, or most significantly for the purposes of this discussion, order -- enter any order of disposition that could have been made at the time the original order was entered. Let me just say that again. The juvenile code clearly says the juvenile court can enter an order of disposition at a revocation. Anything that could have been ordered when the original order was entered, which to this Judge, clearly and unequivocally means, I don't need a Motion for [YRTC] to be refiled. I don't need to again, make a finding that we've exhausted all levels of community supervision. I have considered the evidence presented here, and Torrien, I'm not going to wait for multiple weeks. For a Motion to come over. There's no placement that's appropriate that is not secure. That's clear from the evidence. The Court finds once again, that . . . all levels of probation supervision or the equivalent thereof and options for community based services have been exhausted and thoroughly considered. And placement at . . . YRTC is a matter of immediate and urgent necessity as you are likely to flee the jurisdiction of the Court. So I'm moving forward with disposition today and recommitting

you to the Office of Juvenile Services under the Court's authority under the juvenile code and you'll be returned back to . . . YRTC as soon as possible.

Torrien has timely appealed to this court.

ASSIGNMENTS OF ERROR

Torrien assigns that the juvenile court erred by (1) committing her to YRTC at the conclusion of a detention hearing without a motion for commitment, proper service, notice in fact, and an opportunity to be heard as enumerated in Neb. Rev. Stat. § 43-286(1)(b)(ii) (Supp. 2019) in violation of her due process rights; (2) committing her to YRTC under § 43-286(5)(b)(v) without the protections of § 43-286(1)(b)(ii) in violation of her substantive due process rights; and (3) finding that all levels of probation supervision and all options for community-based services had been exhausted.

STANDARD OF REVIEW

Mootness is a justiciability doctrine that operates to prevent courts from exercising jurisdiction; thus, mootness determinations are reviewed under the same standard of review as other jurisdictional questions. *State ex rel. Peterson v. Ebke*, 303 Neb. 637, 930 N.W.2d 551 (2019). A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Id*.

ANALYSIS

Torrien argues the juvenile court violated her procedural and substantive due process rights by committing her to YRTC without following the proper procedural protocols, including that no motion for commitment had been filed and she was not given an opportunity to be heard. In response, the State argues Torrien's appeal is moot because she has turned 19 years old and is no longer subject to the jurisdiction of the juvenile court. We note that Torrien acknowledged in her brief that, during the pendency of this appeal, she turned 19 years old.

The juvenile court has jurisdiction over "any individual adjudged to be within the provisions of this section until the individual reaches the age of majority or the court otherwise discharges the individual from its jurisdiction." § 43-247(12). The age of majority in Nebraska is 19 years of age. Neb. Rev. Stat. § 43-245(2) (Cum. Supp. 2020). Because Torrien is no longer subject to the jurisdiction of the juvenile court, the question becomes whether Torrien's appeal challenging her placement at YRTC, a place she no longer resides having aged out of the juvenile system, is now moot.

"A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive." *In re Interest of Nathaniel M.*, 289 Neb. 430, 436, 855 N.W.2d 580, 585 (2014). "The central question in a mootness analysis is whether changes in circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Id.* at 436-37, 855 N.W.2d at 585.

In *In re Interest of Nathaniel M., supra*, the Nebraska Supreme Court was asked to determine whether the juvenile court lacked authority to commit a juvenile who was under the age

of 14 to YRTC. Notwithstanding the prior commitment, by the time the matter was appealed, the juvenile had been discharged from YRTC. In *In re Interest of Nathaniel M.*, the court explained that the central question in a mootness analysis is whether a change in circumstances that prevailed at the beginning of litigation has forestalled any occasion for meaningful relief. In its per curium opinion, the Nebraska Supreme Court determined that because the juvenile had been discharged from YRTC by the time of the appeal, the juvenile's discharge constituted such a change in circumstances and the matter had been rendered moot. *Id.*

Here, Torrien reached the age of majority and has been released from YRTC likewise rendering the matter before us moot as the term has been defined by the Nebraska Supreme Court. See *In re Interest of Nathaniel M., supra.*

Despite the mootness of the issue before us, Torrien urges this court to address the issue under an exception to the mootness doctrine, which provides: "An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination." *Id*. at 437, 855 N.W.2d at 585-86. "This exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem." *Id*. at 437, 855 N.W.2d at 586.

Torrien argues the public interest exception applies because "the question presented in this case is a public question that impacts the procedural and substantive rights afforded to juveniles during commitment hearings[,] [t]here is a high desirability for authoritative adjudication for future guidance," and this is a recurring problem with which juveniles are presented. Brief for appellant at 16. After analyzing the third element of the public interest exception test, we find otherwise.

Presently, Torrien argues the court violated certain protections afforded to her under § 43-286 which could occur in a future case. The Nebraska Supreme Court has recognized a public interest exception to the mootness doctrine when an issue might otherwise evade appellate review. *State v. Warner*, 290 Neb. 954, 863 N.W.2d 196 (2015). More specifically, in *Nesbitt v. Frakes*, 300 Neb. 1, 10, 911 N.W.2d 598, 606 (2018), the Supreme Court held that "[a]n application of the public interest exception to the mootness doctrine is inappropriate when the issues presented on appeal do not inherently evade appellate review." In this case, although Torrien's appeal was rendered moot due to her reaching the age of majority, other cases would not inherently evade review by appellate courts if the juvenile did not reach the age of majority during the pendency of the appeal. Accordingly, although we have concerns with the procedure followed here, the issues Torrien complains of do not inherently evade appellate review.

CONCLUSION

For the foregoing reasons, we lack appellate jurisdiction over this appeal because the matter is moot and the issues raised do not inherently evade appellate review. This appeal is dismissed.

APPEAL DISMISSED.